IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 04-cv-01065-PSF-MJW

FEDERAL TRADE COMMISSION,

    Plaintiff,

    v.

PHILLIP W. RANNEY, individually;
ARMOR MORTGAGE;
ABACUS MORTGAGE;
COMMUNITY HOMEBANC MORTGAGE SERVICES, INC.;
HARBOR PACIFIC FUNDING, INC.;
HIGH CENTER, INC.;
LENDING STRATEGIES OF COLORADO, INC.;
LITE REALTY CORP.;
PWR PROCESSING, INC., d/b/a First Source America Mortgage Corp., d/b/a NexLoan;
PWR PRESS, INC.;
SOURCE FUNDING COMPANY, Colorado corporations;
KACE, LLC, dba Aristocrat Mortgage, a Colorado limited liability company; and
MORTGAGE WATCH, a California corporation;

    Defendants; and

KATHLEEN A. RANNEY, individually,

    Relief Defendant.

**ORDER ON MOTION OF RECEIVER TO APPROVE FEES AND EXPENSES,
LIQUIDATE THE ASSETS AND TERMINATE THE RECEIVERSHIP**

This matter comes before the Court on the motion of the Receiver, Harvey Sender, for an Order: 1) approving the receiver's fees and expenses; 2) liquidating the assets of the receivership, and 3) terminating the receivership, filed March 15, 2007 (Dkt. # 128).

**I. BACKGROUND**

Mr. Sender was initially appointed the receiver for the corporate and entity defendants on or about June 16, 2004, in connection with this Court's entry of a preliminary injunction on the plaintiff's complaint (Dkt. # 18).  On August 13, 2004, the Court entered a default judgment and permanent injunction against the defendants. (Dkt. # 81).  That Order continued the appointment of Mr. Sender as receiver for the business activities of defendants (*id.* at 8) and specifically ordered that the receiver was to "liquidate all assets of the defendants"  *Id.*  The Order further provided that upon liquidation of the assets, the receiver was to submit a "report and application for fees and expenses," and upon approval of same, any residual amounts were to be paid over to plaintiff for use by the plaintiff in making equitable relief including the payment consumer redress.  *Id.*

On March 15, 2007, the receiver submitted his report as part of the pending motion together with an estate property record (Exhibit 1 to Motion) and a cash receipts and disbursements record (Exhibit 2 to Motion).  The cash receipts report reflects that the amount of assets collected by the estate totaled $11,623.52, of which $10,000 appears to have been collected from an individual named Tom Seccombe. Disbursements of $250 have been paid by the receiver, leaving an asset balance of $11,373.52.

Of this balance remaining, the receiver requests approval of payment to him of $9,843.82 in fees and expenses, with the balance of the assets to be paid to the plaintiff (Motion at 1-2).  He further requests that upon the liquidation of these assets

the receivership be terminated (*id* at 2.).

Because the motion submitted by the receiver provided no explanation or detail of the time spent, the services performed, or the rates charged by the receiver that explain or justify the amount of fees requested in light of the amount of the assets recovered, the Court on April 2, 2007 directed the receiver to submit additional information (Dkt. # 129). The receiver submitted the additional detail in the form of a supplemental filing on April 3, 2007 (Dkt. # 130), which indicates the hourly rates charged and provides billing statements describing the work performed. The Court has reviewed all this documentation and now makes the following ruling.

## II.  ANALYSIS

The Court first notes that of the amount requested by the receiver, it appears that $294.32 is requested for reimbursement of the receiver's expenses, and the balance of $9549.50 is requested for payment of fees. The Court examines separately the requests for reimbursement of expenses and the request for approval of fees.

According to the billing statements attached to the supplemental filing, most of the expenses relate to the making of copies, the sending of telecopies, or the use of courier services. However, a billing statement dated June 3, 2004, reflects a charge of $80.00 for "miscellaneous expenses" including "parking, meals etc." Exhibit 1 to Dkt. # 130, at 1. The billing statement and supplemental filing provide no explanation of any basis for such charges. Moreover, the billing statement indicates that these charges were incurred on May 27, 2004, a date which precedes the receiver's appointment and precedes the entry of the preliminary injunction referenced above. This Court cannot

find that these expenses of $80 were reasonably necessary to the receiver's duties, and disallows this amount. The remaining expenses in the amount of $214.32 are allowed.      The Court also notes that of the amounts requested to be paid as fees to the receiver, approximately $945.50 of the fees were incurred on March 13, 2007, listed on the billing statements as relating to the preparation of the motion to approve expenses. These fees relate to some 2.4 hours expended by the receiver himself, and 2.5 hours expended by a paralegal. Exhibit 1 to Dkt. # 130, at 10. Given the minimal information provided in the motion to approve expenses filed on March 15, 2007, and given the fact that the Court required the receiver to provide supplemental information, it is the finding of this Court that the time expended on March 13, 2007 for the preparation of the motion filed on March 15, 2007 is not reasonably compensable. Accordingly, these fees will not be allowed.

   Of the remaining requested fees of $8,604, it is difficult for the Court to discern from the submissions exactly what work performed by the receiver would justify these fees. The receiver is apparently seeking compensation for approximately 25.10 hours of his time billed at $295 per hour, and for the time of his paralegals billed at $95 per hour. As noted, however, the total collections of the estate were only $11,623.52, of which $10,000 was obtained from one individual, Tom Seccombe. According to the schedule of cash receipts and disbursements, the funds collected from Mr. Seccombe were collected from periodic payments made between July 2004 and November 2006 (*see* Exhibit B to Motion). However, according to the billing statements, most of the communications with Mr. Seccombe appear to have been taken by the paralegals, and

not by the receiver himself (*see* Exhibit 1 to Dkt. # 130, at 9-10).

In addition, although the billing statements provide a description of the work performed by the receiver, they do not tie the work to the recovery of assets nor is it clear how the work preserved the estate. The Court does not question that the receiver worked as diligently as necessary to perform his assignment; it is simply that it is difficult to ascertain how the entire requested fee can be justified as reasonable. Finally, the Court has been provided with no information to support a finding that an hourly rate of $295 is reasonable for this kind of work.

Accordingly, the Court will not approve the total fees requested by the receiver, but rather will approve fees in the amount of $4,500 and expenses in the amount of $214.32, for a total payment to the receiver of **$4,714.32.** The remainder of the estate is to be turned over to the plaintiff in accordance with this Court's Order (Dkt. # 81).

The receiver is authorized to liquidate the assets of the estate in accordance with this Order, and terminate the receivership expeditiously.

**CONCLUSION**

The Motion to Approve receiver fees and expenses, liquidating the assets of the Receivership and terminating the Receivership (Dkt. # 128), filed March 15, 2007, is GRANTED in part and DENIED in part, as set forth herein.

DATED: April 9, 2007            BY THE COURT:

*s/ Phillip S. Figa*
_____
Phillip S. Figa
United States District Judge

5